An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RON MORGAN,
Appellant,
vs.
MGM GRAND/MGM RESORTS
INTERNATIONAL,
Respondent.

No. 61804

**FILED**

APR 2 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant Ron Morgan was working as a maintenance technician for respondent MGM Grand when he allegedly injured his right knee while pushing a heavy tool cart. Morgan filed a workers' compensation claim, which the insurer denied. The hearing officer affirmed, and the appeals officer also denied Morgan's claim, concluding that based on the credible evidence, Morgan failed to establish that he had sustained an industrial injury. Morgan filed a petition for judicial review, which the district court denied. This appeal followed.

On appeal, Morgan contends that substantial evidence does not support the appeals officer's decision and the preponderance of the evidence establishes that the injury was industrial. This court reviews an appeals officer's decision in a workers' compensation matter for clear error or abuse of discretion. NRS 233B.135(3); *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008). Judicial review is confined to the record before the appeals officer, and on issues of fact and fact-based

SUPREME COURT
OF
NEVADA

(O) 1947A

14-13428

conclusions of law, the appeals officer's decision will not be disturbed if it is supported by substantial evidence. *Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087-88; *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005). The injured employee bears the burden to establish by a preponderance of the evidence that the injury arose out of and in the course of employment. NRS 616C.150

Having reviewed the parties' briefs and appendix, we conclude that the appeals officer did not abuse her discretion in finding that Morgan failed to establish that he sustained an industrial injury. *See Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087. The record demonstrates that Morgan claimed the injury occurred on June 2, 2011, and that he reported the incident on June 4. When Morgan later asserted that the injury occurred on June 3, the appeals officer found his testimony not credible. *See Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 209-10, 955 P.2d 188, 192 (1998) (explaining that this court will not substitute its judgment for that of the appeals officer regarding the weight or credibility given to evidence). Furthermore, there were no witnesses to the alleged injury and the surveillance video from the time frame on June 2, when Morgan initially asserted the injury occurred, contained no indication of any injury. The only evidence in the record that the injury occurred while in the course and scope of employment is Morgan's own testimony.[1] *See id.* Thus, we conclude that substantial evidence supports the appeals

---

[1]Morgan alternatively argues that the matter should be remanded to consider the surveillance video from June 3, 2011. That video, however, was not part of the administrative record. *See* NRS 233B.135(1) (limiting judicial review to the administrative record); NRS 233B.131(2) (explaining the process to have additional evidence considered).

officer's determination that Morgan failed to prove that his injury arose out of and in the course of his employment. *See Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of certain evidence); *see also* NRS 616C.150.

Accordingly, as the appeals officer did not abuse her discretion or commit a clear error of law, we affirm the district court's order denying Morgan's petition for judicial review.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Kenneth C. Cory, District Judge
Greenman Goldberg Raby & Martinez
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk